UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kellean Huebner,<br>    Plaintiff,<br><br>            v.<br><br>Robert Bosch, LLC,<br>    Defendant. | CASE NO.: 2:25-cv-03999-DCN-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

    1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

    2. The Plaintiff, Kellean Huebner, is a citizen of the State of South Carolina, and resides in Berkeley County, South Carolina.

    3. The Defendant, Robert Bosch, LLC, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

    4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

    5. The Defendant is a "person" within the meaning of the FMLA.

    6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

    7. All employment practices alleged herein were committed within the State of South Carolina.

    8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

    9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

    10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. On or about March 13, 2001, the Plaintiff began working for Defendant. At the time of her termination Plaintiff was a set-up mechanic/op tech. At all times during her employment, the Plaintiff was efficient and effective in her work.

12. During her employment, the Plaintiff suffered from personal medical issues which constitute a serious health condition as defined by the FMLA.

13. In or about June 2022, the Plaintiff applied for intermittent FMLA due to medical issues, to which the Defendant approved.

14. On or about July 1, 2022, the Plaintiff was written up by a supervisor, Lorie Pressley, for her attendance, even though the Plaintiff had approved intermittent FMLA leave.

15. On or about August 19, 2022, the Plaintiff was once again written up by Ms. Pressley for her attendance. The Plaintiff filed a complaint with the corporate office on September 17, 2022, while she was on intermittent FMLA, but nothing was done.

16. In or around October 2022, Ms. Pressley once again wrote the Plaintiff up for not calling in prior to her shift. The Plaintiff submitted a note from her doctor stating that he had put her on a new medication, and there may be times when she would not be able to call prior to her shift. The Plaintiff did call as soon as she possibly could.

17. Despite Ms. Pressley not being Plaintiff's actual supervisor, Ms. Pressley would constantly give Plaintiff a hard time and was causing a hostile work environment for the Plaintiff.

18. On or about January 18, 2023, the Plaintiff's doctor put her out of work until March 8, 2023, due to her medical issues.

19. While the Plaintiff was out on approved FMLA leave, Ms. Pressley would constantly harass the Plaintiff by calling and text messaging the Plaintiff for no reason.

20. The Plaintiff returned to work on or about March 8, 2023, and the Defendant asked Plaintiff to work on the third shift for a while, since they were short staffed. The Plaintiff agreed, but when she would put in her time it would say Sunday instead of Monday, and the Defendant would never let her correct it.

21. On or about March 13, 2023, the Plaintiff again filed complaints with the corporate office, but nothing was done.

22. On or about May 22, 2023, the Plaintiff's employment with the Defendant was terminated, and any reason given was pretextual in nature and was in reality, retaliation for taking leave under the FMLA.

23. Prior to Plaintiff's request for FMLA leave, she was an exemplary employee receiving excellent performance reviews. Following Plaintiff's request, Defendant began retaliating against Plaintiff for her requests for FMLA leave.

24. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Interference

25. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

26. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

27. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute(s).

28. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

29. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

30. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

31. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

32. The Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

33. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

34. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

35. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to her former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
May 13, 2025.